## TRICE v. THE STATE.

No error of law is complained of, and the evidence is amply sufficient to support the verdict.

MARCH 13, 1912.

Indictment for murder. Before Judge Meadow. Elbert superior court. December 12, 1911.

*T. Donnelly Bennett* and *George C. Grogan,* for plaintiff in error.

*Thomas S. Felder, attorney-general,* and *Thomas J. Brown, solicitor-general,* contra.

HILL, J. Tom Trice was indicted for the murder of Henry Clark, and was tried and convicted, with the recommendation that his punishment be imprisonment in the penitentiary for life. A

motion for a new trial having been overruled by the court, he ex-
cepted.　The defendant does not complain that any error of law
was committed in the trial of his case.　His sole contention is that
the verdict of the jury, finding him guilty of murder, is unauthor-
ized by the evidence, and that the evidence for the State, as a whole,
would only authorize a verdict for manslaughter.　The evidence for
the State, on which a verdict of guilty of murder was asked, showed
that the defendant and the deceased were both employees of an
oil-mill and worked as part of the night shift.　After the night's
work was done, the deceased, the defendant, and two or three of the
other employees, who were eye-witnesses to the tragedy, were all in
the bath-room bathing.　Will Carter, for the State (who is corrob-
orated in every material respect by L. M. Cade), testified as follows:
"I saw a difficulty between Tom Trice and Henry Clark; they got
to arguing about the oil-mill business, and the argument got up
about L. M. Cade.　Clark said L. M. Cade could run the presses
better than he could clean them; and Trice said, ' You had better
wish you were as good an oil man as L. M. Cade.'　He was talking
to Henry Clark.　Henry bathing; myself and Tom had on his
clothes.　I was in a tub of water, fixing to take a bath myself, and
Henry was in the tub by me, and L. M. Cade was next to Henry
Clark.　He did not go on duty, he worked Thursday and did not
work Thursday night.　Wright Rucker was in his cupboard; he had
finished bathing, and had on his clothes.　Well, Henry Clark was
naked, and started up the aisle about four feet wide, and Tom
was standing about middle way, 10 or 15 feet to where Henry had
to get his clothes, and they were still arguing, and Clark had to
pass Tom, and Tom was standing to one side; and just as Clark
turned to get by Tom, Tom had his knife in his hand, and as he
passed he struck at him, and he run out the door, and Clark run
out behind him.　From the bath-tub to the door you go out, I sup-
pose, is about twenty-five or thirty-five feet or something like that.
When Henry got out of the tub, I suppose Tom Trice was about
seven or eight or ten feet up the aisle from Henry.　Tom Trice had
been down there ever since half past 5 o'clock.　When Henry went
down there to the bath-room, Tom Trice had his clothes on then,
and had a knife in his hand, like he had been cutting him a chew
of tobacco.　I do not know what he had been doing in there all of
that time.　When Tom cut old man Henry was when Henry went

to pass him. I reckon this was fifteen feet from the door. Henry's clothes were right at the door, about the same distance, and it was about fifteen feet to where his clothes were. There was blood on that floor. Tom cut old man Henry with a pocket-knife. Old man Henry did not have anything in his hand at the time. I know, because he had just got out of the tub by me, and I did not see a thing. I know if he had had anything I could have seen it. When Tom cut him, he cut him right across the left breast. I did not see but one cut, and then he broke and run out and Clark behind." The evidence further showed that the deceased was badly cut across the bowels from one side to the other. "He was cut, you might say, half in two," according to one witness.

We have examined the evidence carefully; and while there is evidence to show that the deceased had a pair of brass knucks on his hand when found dead, perfectly nude, shortly after the homicide, and that the defendant had a wound on his head, made by some sharp, or semi-sharp instrument, yet we are of the opinion that the evidence is amply sufficient to support the verdict of guilty of murder, and that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*